ORIGINAL

1  MICHELLE A. CHILDERS (SBN #197064)
   michelle.childers@dbr.com

2  NATHAN D. CARDOZO (SBN #259097)
   nathan.cardozo@dbr.com

3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor

4  San Francisco, CA 94105-2235
   Telephone:    (415) 591-7500

5  Facsimile:    (415) 591-7510

6  Attorneys for Defendants
   ETHICON, INC. (on its own behalf and behalf of its

7  Division, ETHICON WOMEN'S HEALTH &
   UROLOGY, and erroneously sued as GYNECARE,

8  INC.); and JOHNSON & JOHNSON

9

**FILED**

**2011 FEB 15  P 2: 28**

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10                  UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  DIANE McIRVIN, an individual; and
    ALICE GALE WILSON, an individual,

15              Plaintiffs,

16  v.

17
    GYNECARE, INC., a California
18  corporation; ETHICON, INC., a New
    Jersey corporation; JOHNSON &
19  JOHNSON, a New Jersey corporation; and
    DOE MANUFACTURES ONE through
20  ONE HUNDRED,

21              Defendants.

**CV11  0697**

Case No. _____

**NOTICE OF REMOVAL AND REMOVAL
OF ACTION UNDER 28 U.S.C. § 1441(B)
(DIVERSITY) OF DEFENDANTS
ETHICON, INC. (ON ITS OWN BEHALF
AND BEHALF OF ITS DIVISION,
ETHICON WOMEN'S HEALTH &
UROLOGY, AND ERRONEOUSLY SUED
AS GYNECARE, INC.); and JOHNSON &
JOHNSON**

22  **TO THE CLERK OF THE COURT:**

23          Defendants ETHICON, INC. (on its own behalf and behalf of its Division, ETHICON

24  WOMEN'S HEALTH & UROLOGY, and erroneously sued as GYNECARE, INC.) ("Ethicon");

25  and JOHNSON & JOHNSON ("J&J") (collectively "Defendants") submit this Notice of Removal

26  of *Diane McIrvin and Alice Gale Wilson v. Gynecare, Inc. et al.*, filed in the Superior Court of the

27  State of California, County of San Francisco, Case No. CGC-10-506696, on the ground this Court

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION
SF01/ 729993.3

CASE NO. _____

1   has original jurisdiction under 28 U.S.C. §§ 1332 and 1441. Diversity of citizenship exists

2   between Plaintiffs and Defendants, and it is facially evident from the Complaint that the amount in

3   controversy exceeds $75,000.00, exclusive of interest and costs.

4         1.     San Francisco County, California is located within the Northern District of

5   California. For purposes of removal, venue is proper pursuant to 28 U.S.C. § 84(a) because the

6   Northern District of California is the "district and division embracing the place where such action

7   is pending." 28 U.S.C. 1441(a).

8         2.     On December 27, 2010, Plaintiffs filed their Complaint. (Ex. A to the Decl. of

9   Michelle A. Childers in Support of Notice of Removal and Removal ("Childers Decl.")) Service

10   was made on J&J on January 17, 2011. (Childers Decl. at ¶ 3) On February 14, 2011,

11   Defendants each filed their respective Answers in San Francisco Superior Court. (Ex. B to

12   Childers Decl.) The Complaint and the Answers of Defendants are the only known pleadings

13   filed to date in this matter. (Childers Decl. at ¶ 5)

14         3.     Plaintiffs Diane McIrvin and Alice Gale Wilson ("Plaintiffs") allege that on or

15   about November 2010, Ms. McIrvin was, and that later on or about December 30, 2008, Ms.

16   Wilson was, each implanted with unidentified synthetic surgical mesh devices (hereinafter "mesh

17   devices") that were designed, manufactured, marketed, and sold by Defendants. (Ex. A to ¶¶ 16-

18   21) Although it is unclear from the Complaint, Plaintiffs apparently allege they were implanted

19   with the mesh devices for repair of pelvic organ prolapse, cystocele, and stress urinary

20   incontinence. (*Id.* at ¶¶ 16, 17, 21) Plaintiffs claim that, since implantation, they have suffered,

21   *inter alia*, "erosion, shrinkage and extrusion of mesh" from one or more of the mesh devices,

22   resulting in "urinary retention, severe persistent pain, including dyspareunia, and numerous

23   surgical procedures to remove" the medical devices. (*Id.* at ¶ 21) Plaintiffs claim they have

24   experienced "severe physical and emotional injuries, including but not limited to, multiple

25   surgical procedures, painful scarring and worsening and continuing dyspareunia," (*id.* at ¶ 30),

26   and "severe and permanent personal injuries." (*Id.* at 15:9)

27         4.     It is facially evident from the Complaint that the amount in controversy exceeds

28   $75,000.00. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION
SF01/ 729993.3

- 2 -         CASE NO. _____

1    Plaintiffs allege "numerous surgical procedures" and "multiple surgical procedures" have been

2    necessary to remove the mesh devices. (Ex. A at ¶¶ 21, 30) Plaintiffs allege they have suffered

3    permanent personal injuries and has worsening dyspareunia. (*Id.* at ¶ 30) Plaintiffs pray for past

4    and future damages, including "pain and suffering for severe and permanent personal injuries . . .,

5    health care costs, [and] medical monitoring." (*Id.* at 15:8-10) Plaintiffs pray for lost wages and

6    loss of earning capacity. (*Id.* at 15:11-12) Plaintiffs also pray for an award of punitive and/or

7    exemplary damages, (*id.* at 15:14-17), and for attorneys' fees. (*Id.* at 15:20) Other cases brought

8    by plaintiffs alleging severe pain, dyspareunia, and corrective surgeries have resulted in verdicts

9    in excess of $75,000.00, exclusive of interest and costs. (Childers Decl. at ¶ 6) Given the

10   similarity between the injuries alleged in other cases and the injuries alleged by Plaintiffs here,

11   and based on defense counsel's experience defending products liability actions, it is facially

12   evident from the Complaint that each Plaintiff has placed in excess of $75,000.00 in controversy,

13   exclusive of interest and costs. (*Id.*)

14        5.    With respect to diversity of citizenship, Defendants are informed and believe that

15   Plaintiff Diane McIrvin is and was, at all relevant times, a citizen of the State of California and

16   that Plaintiff Alice Gale Wilson is and was, at all relevant times, a citizen of the State of Indiana.

17   (Ex. A at ¶ 1) Defendant J&J is a company incorporated under the laws of the State of New

18   Jersey, with its principal place of business in New Brunswick, New Jersey. (Declaration of

19   Lisbeth A. Warren in Support of Notice of Removal and Removal ("Warren Decl.") at ¶ 2)

20   Defendant Ethicon is a company organized under the laws of the State of New Jersey with its

21   principal place of business in Somerville, New Jersey. (*Id.* at ¶ 3) Gynecare, Inc., a Delaware

22   company, was acquired by J&J on November 19, 1997. (*Id.* at ¶ 4) Gynecare, Inc. merged out of

23   existence and into Ethicon on January 3, 2000. (*Id.*) Ethicon Women's Health & Urology, which

24   previously operated as the Gynecare division of Ethicon, is an unincorporated division of Ethicon,

25   with its administrative offices in Somerville, New Jersey. (*Id.* at ¶ 5) Ethicon Women's Health

26   & Urology is the business unit responsible for the manufacturing and marketing of Gynecare-

27   brand mesh products in the United States, the type of products seemingly alleged to be at issue.

28   (*Id.*) Thus, each and every defendant to this action is a citizen of a state other than California and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL AND REMOVAL OF
ACTION
SF01/ 729993.3

- 3 -

CASE NO. _____

1   Indiana. *See* 28 U.S.C. § 1332(c)(1). Accordingly, complete diversity exists.

2       6.      Removal is timely under 28 U.S.C. § 1446(b) as this Removal is filed within 30

3   days of service on Defendants, who were first served on January 17, 2011. (Childers Decl. at ¶ 3)

4       7.      Immediately following the filing of this Notice of Removal, written notice of the

5   filing of this Notice will be delivered to Plaintiffs, and will be filed with the Clerk of Court in the

6   Superior Court of the State of California, County of San Francisco.

7       8.      By removing this action to this Court, Defendants do not waive any defenses,

8   objections or motions available to them under state or federal law. Defendants expressly reserve

9   the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of

10  Civil Procedure.

11      WHEREFORE, Defendants respectfully remove this action from the Superior Court of the

12  State of California for the County of San Francisco to the United States District Court for the

13  Northern District of California, pursuant to 28 U.S.C. §§ 1332 and 1441.

14

15  Dated: February ___, 2011                    DRINKER BIDDLE & REATH LLP

16

17                                               By: _____
                                                     Michelle A. Childers
18                                                   Nathan D. Cardozo

19                                               Attorneys for Defendants
                                                 ETHICON, INC. (on its own behalf and
20                                               behalf of its Division, ETHICON WOMEN'S
                                                 HEALTH & UROLOGY, and erroneously
21                                               sued as GYNECARE, INC.); and JOHNSON
                                                 & JOHNSON
22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP           NOTICE OF REMOVAL AND REMOVAL OF
ATTORNEYS AT LAW    ACTION                                        - 4 -                    CASE NO. _____
SAN FRANCISCO       SF01/729993.3