ORIGINAL

FILED

2011 FEB 15 P 2:29

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MICHELLE A. CHILDERS (SBN #197064)
michelle.childers@dbr.com
NATHAN D. CARDOZO (SBN #259097)
nathan.cardozo@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
ETHICON, INC. (on its own behalf and behalf of its Division, ETHICON WOMEN'S HEALTH & UROLOGY, and erroneously sued as GYNECARE, INC.); and JOHNSON & JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JCS

| | |
|---|---|
| DIANE McIRVIN, an individual; and ALICE GALE WILSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GYNECARE, INC., a California corporation; ETHICON, INC., a New Jersey corporation; JOHNSON & JOHNSON, a New Jersey corporation; and DOE MANUFACTURES ONE through ONE HUNDRED,<br><br>Defendants. | CV 11 Case No. 0697<br><br>**DECLARATION OF MICHELLE A. CHILDERS IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS ETHICON, INC. (on its own behalf and behalf of its Division, ETHICON WOMEN'S HEALTH & UROLOGY, and erroneously sued as GYNECARE, INC.); and JOHNSON & JOHNSON** |

I, MICHELLE A. CHILDERS, declare:

1. I am an attorney admitted to practice before all courts of the State of California and am a Partner with Drinker Biddle & Reath, LLP, attorneys for ETHICON, INC. (on its own behalf and behalf of its Division, ETHICON WOMEN'S HEALTH & UROLOGY, and erroneously sued as GYNECARE, INC.) ("Ethicon"); and JOHNSON & JOHNSON ("J&J") (collectively "Defendants") in this action. I make this Declaration based on my personal knowledge in support of Defendants' Removal of *Diane McIrvin and Alice Gale Wilson v.*

1  *Gynecare, Inc. et al.*, filed in the Superior Court of the State of California, County of San

2  Francisco, Case No. CGC-10-506696, to this Court. I would and could competently testify to the

3  matters stated in this Declaration if called as a witness.

4      2.    Attached hereto as **Exhibit A** is a true and correct copy of the Complaint in this

5  action.

6      3.    The earliest service on Defendants in this action was made on J&J on January 17,

7  2011.

8      4.    Attached hereto as **Exhibit B** is a true and correct copy of the respective Answers

9  of Defendants to the Complaint in this action, filed by Defendants on February 14, 2011.

10      5.    The Complaint and Defendants' Answers are the only state court pleadings known

11  to Defendants to have been filed in this action.

12      6.    I have reviewed reports of verdicts and settlements in cases in California brought

13  by plaintiffs alleging injuries similar to those alleged in this case, including those alleging severe

14  pain, corrective surgeries, and dyspareunia, *inter alia*. For example, in *Casadei v. Norris*, Los

15  Angeles Cty. Super. Ct., Case No. BC161172, plaintiffs claimed injuries including severe pain,

16  dyspareunia, three corrective surgeries, and loss of consortium. They were awarded damages in

17  the amount of $530,415.00. *See* 31 Trials Digest 3d 113, a true and correct copy of which is

18  attached hereto as **Exhibit C**. In *Penix v. Martin*, Los Angeles Cty. Super. Ct., Case No.

19  LC038378, plaintiff alleged vaginal scarring and permanent dyspareunia, *inter alia*. Plaintiff was

20  awarded a verdict in the amount of $116,661.00. *See* 12 Trials Digest 3d 45, a true and correct

21  copy of which is attached hereto as **Exhibit D**. Given the similarity between the injuries alleged

22  in those and other cases I reviewed and the injuries alleged by Plaintiffs here, and based on over a

23  decade experience defending products liability actions, it is facially evident from the Complaint

24  that Plaintiffs have placed in excess of $75,000.00 in controversy, exclusive of interest and costs.

25      7.    Defendants will file a Notice Of Filing Notice Of Removal And Removal Of

26  Action with the Clerk of the San Francisco County Superior Court and will serve Plaintiffs'

27  counsel with a copy.

28  ///

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF MICHELLE A. CHILDERS IN SUPPORT
OF NOTICE OF REMOVAL AND REMOVAL    - 2 -    CASE NO. _____
SF01/729991.3

1    ///

2          I declare under penalty of perjury under the laws of the United States of America that the

3    foregoing is true and correct. Executed this **16** day of February, 2011 in San Francisco,

4    California.

5

                              Michelle A. Childers

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF MICHELLE A. CHILDERS IN SUPPORT
OF NOTICE OF REMOVAL AND REMOVAL     - 3 -          CASE NO. _____
SF01/729991.3

# EXHIBIT A

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2010 DEC 27  PM 12: 41

CLERK OF THE COURT
BY:_____
DEPUTY CLERK
D. STEPPE

1  GIRARDI | KEESE
2  THOMAS V. GIRARDI – BAR NO. 36603
   AMY FISCH SOLOMON – BAR NO. 140333
3  AMANDA KENT- BAR NO. 258298
   1126 Wilshire Boulevard
4  Los Angeles, California 90017
5  (213) 977-0211
   Attorneys For Plaintiffs
6

7                 SUPERIOR COURT OF CALIFORNIA
8            COUNTY OF SAN FRANCISCO – CIVIC CENTER

9                                    CGC-10-506696
10 DIANE MC IRVIN, an individual, and ALICE )  CASE NO.
   GALE WILSON an individual            )
11                                      )
                                        )  COMPLAINT FOR DAMAGES AND
12           Plaintiffs,                )  DEMAND FOR JURY TRIAL
                                        )
13 vs.                                  )  1.  Strict Products Liability- Failure to
14                                      )      Warn
   GYNECARE, INC. a California Corporation; )  2.  Strict Liability
15 ETHICON, INC. a New Jersey corporation, )  3.  Negligence
   JOHNSON & JOHNSON, a New Jersey      )  4.  Breach of Implied Warranty
16 corporation, DOE MANUFACTURERS one   )  5.  Breach of Express Warranty
17 through one hundred.                 )  6.  Fraud
                                        )  7.  Fraud by Concealment
18           Defendants.                )  8.  Negligent Misrepresentation
19                                         9.  Violation of State Consumer Fraud &
                                              Deceptive Trade Practices Act
20

21 _____

22

23

24 COME NOW, plaintiffs complaining of defendants as follows:

25

26            PARTIES, JURISDICTION AND VENUE

27

28

                           -1-
                   COMPLAINT FOR DAMAGES

1.   DIANE MC IRVIN, is and was at all times alleged herein, a citizen and resident of Chula Vista, California.  ALICE GALE WILSON, is and was at all times alleged herein, a citizen and resident of Burnettsville, Indiana.

2.   Defendant GYNECARE, INC. (hereinafter, "GYNECARE") is and was a corporation formed under the laws of the State of California, with its principal place of business at 235 Constitution Drive, Menlo Park, California 94025.

3.   At all times alleged herein, GYNECARE included and includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

4.   In or around October 1997, GYNECARE merged with ETHICON, INC.

5.   At all times alleged herein, GYNECARE conducted regular and sustained business in California by selling and distributing its products in California, as described below.

6.   Defendant ETHICON, INC. (hereinafter, "ETHICON"), at all times alleged herein, is and was a corporation formed under the laws of the State of New Jersey, with its principal place of business at US Route 22 West, Sommerville, New Jersey 08876.

7.   At all times alleged herein, ETHICON includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

8.   At all times alleged herein, ETHICON conducted regular and sustained business in California , by selling and distributing its products in California, as described below. By these same activities, ETHICON has sufficient contacts witin the State of California to subject it to the jurisdiction of this court.

9.   Defendant JOHNSON & JOHNSON, INC. (hereinafter, "J&J"). at all times alleged herein, is and was a corporation formed under the laws of the State of New Jersey, with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey.

10.   At all times alleged herein, J&J includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors,

1  successors and assigns and their officers, directors, employees, agents, representatives and any and all other
2  persons acting on their behalf.

3      11. At all times alleged herein, J&J conducted regular and sustained business in California by selling
4  and distributing its products in California, as described below. By these same activities, J&J has sufficient
5  contacts with the State of California, to subject it to the jurisdiction of this Court.

6      12. Upon information and belief, ETHICON is a wholly owned subsidiary of J&J.

7      13. Upon information and belief, Defendants DOE Manufacturers One through One Hundred are
8  manufacturers, persons, agents, servants, employees, corporations, partnership or other business entities
9  whose true names are unknown by Plaintiff at the present time. Plaintiffs allege, upon information and
10 belief, that DOE Manufacturers ONE through One Hundred are citizens and residents of the State of
11 California, or are domiciled within the State of California, or conduct regular and sustained business within
12 the State of California, to subject them to the jurisdiction of this Court. Each of these Defendants
13 negligently assisted the named Defendants in carrying out the allegations as set forth below. Alternatively,
14 DOE Manufacturers One through One Hundred were agents and/or servants of one or more named
15 defendants, were acting within the course and scope of their employment and/or agency at the times alleged
16 herein. If and when the true identities of such persons, servants, employees, corporations, partnership or
17 other business entities are known to Plaintiff, they will seek leave of Court to amend the Complaint to
18 reflect such true names, together with appropriate charging allegations.

19     14. At all times alleged herein, reference to any named Defendant, or use of the collective term
20 "Defendants", includes the named Defendant and Defendants DOE Manufacturers ONE through one
21 hundred, or all named Defendants herein and Defendants DOE Manufacturers ONE through one hundred,
22 respectively.

23     15. At all times alleged herein, Defendants identified herein as, or discovered to be, corporations or
24 other business entities were acting by and through officers, employees, agents, and contractors, who were
25 acting within the course and scope of said office, employment, agency, or contractual authority.

26                              **FACTUAL BACKGROUND**

27

28

1   16. Defendants design, research, develop, manufacture, test, market, advertise, promote, distribute, and
2   sell products that are sold to and marketed to treat, among other things, pelvic organ prolapse and stress
3   urinary incontinence.

4   17. GYNECARE, ETHICON, and J&J designed, researched, developed, manufactured, tested,
5   marketed, advertised, promoted, distributed, and sold mesh products, the implanted synthetic surgical mesh
6   devices purported to correct and restore normal vaginal structure secondary to pelvic organ prolapse.

7   18. The ETHICON mesh products are collectively referred to herein as the "Mesh Devices."

8   19. Upon information and belief, ETHICON sought and obtained Food and Drug Administration
9   ("FDA") approval to market mess products and/or its monofilament polypropylene mesh component under
10  Section 510(k) of the Medical Device Amendment.

11  20. Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent
12  to other legally marketed predicate devices without formal review for safety or efficacy.

13  21. On or about November, 2010, Plaintiff DIANE MCIRVIN underwent transvaginal tape, bladder
14  sling, urethral suspension, and revision of mesh erosion repair. On or about December 30, 2008, Plaintiff
15  ALICE GALE WILSON underwent transvaginal tape, bladder sling, urethral suspension, and revision of
16  mesh erosion repair. Since implantation of the Mesh Devices, Plaintiffs have suffered from, among other
17  problems, erosion, shrinkage, and extrusion of mesh from one or more of the Mesh Devices, causing urinary
18  retention, severe persistent pain, including dyspareunia, and numerous surgical procedures to remove the
19  Mesh Devices.

20  22. As early as 2004 until the present, Defendants have received numerous reports of adverse events
21  filed by physicians and patients pertaining to their synthetic mesh systems, and were aware or should have
22  been aware of many similar reports concerning substantially equivalent products by other manufacturers.
23  The most frequent complaints were erosion, extrusion, inflection, hardening of the mesh, chronic pain, and
24  worsening dyspareunia. Studies show the rate of mesh erosion was 13 percent accompanied by worsening
25  dyspareunis rates as high as 63 percent. Analysis of the first 100 vaginal mesh procedures revealed a 17.5
26  percent erosion rate.

27  23. The 2004 World Health Organization 3rd International Consultation on Incontinence reported mesh
28  repairs have an unacceptably high rate of complication that includes erosion, extrusion, infection, sepsis, and

-4-
COMPLAINT FOR DAMAGES

1  dyspareunia. Because of the poor risk/benefit ratio of the vaginal mesh systems it was recommended the
2  synthetic mesh systems not to be used until more approved clinical trials of outcome were conducted.

3      24. At all times relevant herein, the Mesh Devices were widely advertised and promoted by Defendants
4  as a safe and effective treatment for pelvic organ prolapse, rectocele, enterocele and stress urinary
5  incontinence. Said Defendants, and each of them, minimized the risks posed to patients with implantation
6  of the Mesh Devices.

7      25. At all times relevant herein, Defendants knew their Mesh Devices were defective and knew the
8  defect was attributable to the erosion, hardening and shrinkage of the mesh material. The Defendants, and
9  each of them, knew that the Mesh Devices were made to allow tissue infiltration and that removal is not
10  advised. Complications from the mesh and from mesh removal are life-changing and can be irreversible.
11  This information was known to the Defendants, and each of them, prior to implantation of the Mesh Devices
12  in Plaintiffs.

13      26. At all times relevant to this action, the Defendants, and each of them, knew that synthetic mesh
14  systems, and specifically the Mesh Devices, were not safe for the patients for whom they were prescribed
15  and implanted, because the mesh eroded and otherwise malfunctioned, and therefore failed to operate in a
16  safe and continuous manner, causing injuries from erosion, extrusion, infection, sepsis, chronic foreign body
17  invasion, dense adhesions, and worsening dyspareumia. Removal of eroded or infected mesh brings a high
18  rate of life-threatening complications including permanent disfigurement and hemorrhage. Complete
19  removal can take multiple surgical interventions in the operating theater and results in scarring on fragile
20  compromised pelvic tissue and muscles.

21      27. The Defendants' representations regarding the performance of the Mesh Devices, including, but not
22  limited to, the consistency of the performance of the Mesh Devices and their safety and reliability, were
23  untrue as set forth in the published literature and adverse event reports. The Defendants, and each of them,
24  failed to disclose to physicians, patients or Plaintiff that their Mesh Devices were subject to erosion or scar
25  tissue formation causing the injuries herein described.

26      28. At all relevant times herein, Defendants, and each of them, continued to promote the Mesh Devices
27  as safe and effective even when no clinical trials had been done supporting long or short term efficacy.

28

-5-
COMPLAINT FOR DAMAGES

1    29. In doing so the Defendants, and each of them, concealed the known risks and failed to warn of

2    known or scientifically knowable dangers and risks associated with the Mesh Devices for pelvic organ

3    prolapse, rectocele, enterocele and stress urinary incontinence.

4    30. As a result of the defective Mesh Devices, Plaintiffs have suffered severe physical and emotional

5    injuries, including and but limited to, multiple surgical procedures, painful scarring and worsening and

6    continuing dyspareunia.

7    31. At all relevant times herein, Defendants, and each of them, failed to provide sufficient warnings and

8    instructions that would have put Plaintiffs and the general public on notice of the dangers and adverse

9    effects caused by implantation of the Mesh Devices including, but not limited to, mesh erosion, dense

10   adhesion, worsening dyspareunia, chronic pain, inflection, sepsis, permanent disfigurement and multiple

11   surgeries for mesh removal.

12   32. The Mesh Devices are designed, manufactured, distributed sold and/or supplied by the Defendants,

13   and each of them, was defective as marketed due to inadequate warnings, instructions, labeling and/or

14   inadequate testing in the presence of Defendants'' knowledge of product failure and serious adverse events.

15   33. At all times herein mentioned, the officers and/or directors of the Defendants named herein

16   participated in , authorized and/or directed the production and promotion of the aforementioned products

17   when they knew of the hazards and dangerous propensities of said products, and thereby actively

18   participated in the tortuous conduct that resulted in the injuries suffered by Plaintiff.

19   34. Due to the acts of all Defendants individually or in concert, the information regarding the nature

20   and/or the facts leading up to and/or causing the injuries alleged herein was not known by Plaintiffs nor

21   reasonably could have been known prior to October 20, 2008, when the FDA released a public health

22   notification of the serious complications associated with transvaginal placement of surgical mesh devices,

23   like the Mesh Devices at issue here, for treatment of, *inter alia*, pelvic organ prolapse, rectocele, enterocele,

24   and stress urinary incontinence.

25

### FIRST CAUSE OF ACTION

26

#### [ Strict Products Liability – Failure to Warn]

27   35. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation

28   contained in the preceding paragraphs.

1    36. At all times mentioned herein, the Mesh Devices are, and were, dangerous and presented a
2    substantial danger to patients who were implanted with the Mesh Devices, and these risks and dangers were
3    known or knowable at the time of distribution and implantation in PlaintiffS. Ordinary consumer would not
4    have recognized the potential risks and dangers the Mesh Devices posed to pelvic reconstruction patients
5    because their uses were specifically promoted to improve the health of such patients. The Mesh Devices
6    were used in a way reasonably foreseeable to the Defendants, and each of them, by Plaintiffs. The
7    Defendants, and eaoh of them, failed to provide warning of such risks and dangers to Plaintiffs and their
8    medical providers as described herein.

9    . 37. At all times mentioned herein, the Mesh Devices are, and were, dangerous and presented a
10   substantial danger to patients who were implanted with the Mesh Devices, and these risks and dangers were
11   known or knowable at the time of distribution and implantation in Plaintiffs. Ordinary consumers would not
12   have recognized the potential risks and dangers the Mesh Devices posed to pelvic reconstruction patients
13   because their uses were specifically promoted to improve the health of such patients. The Mesh Devices
14   were used in a way reasonably foreseeable to the Defendants, and each of them, by Plaintiffs. The
15   Defendants, and each of the, failed to provide warning of such risks and dangers to Plaintiffs and their
16   medical providers as described herein.

17   38. As a result of the Mesh Devices, Plaintiffs suffered debilitating injuries from the synthetic mesh
18   including mesh erosion, shrinking, hardening, chronic pain and worsening dyspareunia leading to the need
19   for dangerous and serious vaginal surgery; required and will continue to require healthcare and services; has
20   incurred and will continue to incur medical and related expenses; has suffered and will continue to suffer
21   mental anguish, diminished capacity for the enjoyment of life, a diminished quality of life, chronic
22   debilitating pain, and other such damages.

23   39. In doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud
24   and malice, and Plaintiffs are therefore entitled to punitive damages to deter the Defendants, and each of
25   them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with
26   advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of the
27   Defendants.

28       WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

1

2

3

4                                        **SECOND CAUSE OF ACTION**

5                                              **[Strict Liability]**

6         40.  Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation

7     continued in the preceding paragraphs.

8         41.  The Mesh Devices were manufactured and/or supplied by the Defendants, and each of them, and

9     were placed into the stream of commerce by these Defendants, and each of them, in a defective and

10    unreasonably dangerous condition in that the foreseeable risks exceeded the benefits associated with their

11    design of formulation.

12        42.  Alternatively, the Mesh Devices manufactured and/or supplied by the Defendants, and each of

13    them, were defective in design or formulation, inadequate warning or instruction and/or inadequate post-

14    marketing warnings or instructions in that when they were placed into the stream of commerce, they were

15    unreasonably dangerous;  they were more dangerous than an ordinary consumer would expect and more

16    dangerous than other forms of pelvic organ prolapse, rectocele, enterocele and stress urinary incontinence

17    repair/correction.  As a result of the defective unreasonably dangerous condition of the Mesh Devices

18    manufactured and/or supplied by the Defendants, and each of them, Plaintiffs were caused to suffer the

19    herein described injuries and damages.

20        43.  Defendants, and each of them, acted with conscious and deliberate disregard of the foreseeable

21    harm caused by the Mesh Devices.

22        44. The Defendants, and each of them, thereby acted with fraud, malice, oppression and a conscious

23    disregard for the Plaintiffs' and the general public's safety, who accordingly request that the trier of fact, in

24    the exercise of sound discretion, award additional damages for the sake of example and for the purpose of

25    punishing the Defendants, and each of them, for their conduct, in an amount sufficiently large to be an

26    example to others and to deter the Defendants, and each of them, and others from engaging gin similar

27    conduct in the future.  The aforesaid wrongful conduct was done with the advance knowledge, authorization,

28    and/or ratification of an officer, director, and/or managing agents of the Defendants.

1    WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

2

3

4

5   ## THIRD CAUSE OF ACTION

6   ### [ Negligence ]

7   45.  Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation

8   contained in the preceding paragraphs.

9   46.  The Defendants, and each of them, and their representatives were manufacturers and/or distributors

10   of the Mesh Devices. At all times herein, the Defendants, and each of them, had a duty to properly

11   manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide

12   proper warnings and prepare for use and sell the aforesaid products.

13   47.  The Defendants, and each of them, so negligently and carelessly manufactured, compounded,

14   tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed,

15   sold, examined, failed to examine and supplied the aforesaid products, that there were dangerous and unsafe

16   for the use and purpose for which they were intended, that is, repairing/correcting pelvic organ prolapse,

17   rectocele, enterocele and stress urinary incontinence, in Plaintiffs and others similarly situated. As a result

18   of the carelessness and negligence of the Defendants, Plaintiffs have the Mesh Devices implanted in the

19   manner intended by the manufacturer, and, as a result, Plaintiffs suffered the injuries and damages described

20   herein.

21   WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

22   ## FOURTH CAUSE OF ACTION

23   ### [ Breach of Implied Warranty ]

24   48.  Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation

25   contained in the preceding paragraphs.

26   49.  The Defendants, and each of them, impliedly warranted that their Mesh Devices, which the

27   Defendants, and each of them, designed, manufactured, assembled, promoted and sold to Plaintiffs, were

28   merchantable and fit and safe for ordinary use. The Defendants, and each of them, further impliedly

-9-
COMPLAINT FOR DAMAGES

1 | ,warranted that their Mesh Devices were fit for the particular purpose of repairing/correcting pelvic organ
2 | prolapse, rectocele, enterocele and stress urinary incontinence, respectively.

3 | 50. The Defendants' Mesh Devices were defective, unmerchantable, and unfit for ordinary use when
4 | sold, and unfit for the particular purpose for which they were sold, and subjected Plaintiffs to severe and
5 | permanent injuries. Therefore, the Defendants, and each of them, breached the implied warranties of
6 | merchantability and fitness for a particular purpose when their synthetic mesh systems were sold to
7 | Plaintiffs, in that the Mesh Devices are defective and have failed to function as represented and intended.

8 | 51. As a result of the Defendants', and each of them, breach of the implied warranties of
9 | merchantability and fitness for a particular purpose, Plaintiffs have sustained and will continue to sustain the
10 | injuries and damages described herein and is, therefore, entitled to compensatory damages.

11 | 52. After Plaintiffs were made aware that their injuries were as a result of the Mesh Devices, said
12 | Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

13 | WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

14 | ### FIFTH CAUSE OF ACTON

15 | ### [ Breach of Express Warranty ]

16 | 53. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation
17 | contained in the preceding paragraphs.

18 | 54. The Defendants and each of them, expressly warranted to Plaintiff and/or her authorized agents or
19 | sales representatives, in publications, and other communications intended for medical patients, and the
20 | general public, that the Mesh Devices were safe, effective, fit and proper for their intended use.

21 | 55. Plaintiffs and their physicians reasonably relied upon the skill and judgment of the Defendants, and
22 | upon said express warranty, in using the aforesaid Mesh Devices. The warranty and representations were
23 | untrue in that the products caused severe injury to Plaintiffs and were unsafe and, therefore, unsuited for the
24 | use in which they were intended and caused Plaintiffs to sustain damages and injuries herein alleged.

25 | 56. As soon as the true names of the Mesh Devices, and the fact that the warranty and representations
26 | were false, were ascertained, said Defendants, and each of the, had ample and sufficient notice of the breach
27 | of said warranty.

28 | WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

1

2

3                            **SIXTH CAUSE OF ACTION**

4                                    **[ FRAUD]**

5       57.  Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation

6    contained in the preceding paragraphs.

7       58.  The Defendants, and each of them, falsely and fraudulently represented to Plaintiffs, their

8    physicians, and to members of the general public tha the aforesaid products were safe, effective, reliable,

9    consistent, and beter than the other similar pelvic repair procedures when used in the manner intended by the

10   manufacturer.  The representations by said Defendants, and each of them, were in fact, false.  The true facts

11   include, but are not limited to, that the aforesaid products were not safe to be used for repairing/correcting

12   pelvic organ prolapse, rectocele, enterocele and stress urinary incontinence, and were, in fact, dangerous to

13   the health and body of Plaintiffs.

14      59.  When the Defendants, and each of them, made these representations, they were that they were false.

15   The Defendants, and each of them, made said representations with the intent to defraud and deceive

16   Plaintiffs, and with the intent to induce Plaintiffs to act in the manner herein alleged, that is to use the

17   aforementioned products for repairing/correcting pelvic organ prolapse, rectocele, enterocele and stress

18   urinary incontinence.

19      60.  In doing the acts herein alleged, the Defendants, and each of them, acted with oppression, fraud,

20   and malice, and Plaintiffs are, therefore, entitled to punitive damages to deter the Defendants, and each of

21   them, and others form engaging in similar conduct in the future.  Said wrongful conduct was done with

22   advance knowledge, authorization and/or ratification of an officer, director, and/or managing agent of

23   Defendants.

24           WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

25                          **SEVENTH CAUSE OF ACTION**

26                               **[ Fraud by Concealment ]**

27      61.  Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation

28   contained in the preceding paragraphs.

                                    -11-

62. At all times mentioned herein, the Defendants, and each of them, had the duty and obligation to disclose to Plaintiffs and to her physicians, the true facts concerning the Mesh Devices; that is, that said products were dangerous and defective, lacking efficacy for their purported use and lacking safety in normal use, and how likely there were to cause serious consequences to users including permanent and debilitating injuries. The Defendants, and each of them, made the affirmative representations as set forth above to Plaintiffs, their physicians, and the general public prior to the date the Mesh Devices were implanted in Plaintiffs, while concealing material facts.

63. At all times herein mentioned, the Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiffs and their physicians with the intent to defraud.

64. At all times herein mentioned, neither Plaintiffs nor their physicians were aware of the facts set forth above, and had they been aware of said facts, they would not have acted as they did, that is, would not reasonably relied upon said representation of safety and efficacy and utilized the Mesh Devices for repairing/correcting pelvic organ prolapse, rectocele, enterocele, and stress urinary incontinence.

65. As a result of the concealment of the facts set forth above, Plaintiffs sustained injuries as hereinafter set forth.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### [ Negligent Misrepresentation ]

66. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the pending paragraphs.

67. At all relevant times herein, the Defendants, and each of them, represented to Plaintiffs and their physicians that the Mesh Devices were safe to use for repairing/correcting pelvic organ prolapse, rectocele, enterocele and stress urinary incontinence, knowing that the Mesh Devices were defective and capable of causing the injuries described herein.

68. The Defendants, and each of them, made the aforesaid representations with no reasonable ground for believing them to be true when the data readily available to Defendants, and upon information and belief directly available to Defendants in the form of adverse even reports specifically related to the Mesh Devices showed the Mesh Devices to be defective and dangerous when used in the intended manner.

-12-
COMPLAINT FOR DAMAGES

69. The aforesaid representation were made to the physicians prescribing the Mesh Devices prior to the date they were prescribed to Plaintiffs with the intent that Plaintiffs and their physicians rely upon such misrepresentations about the safety and efficacy of the Mesh Devices. Plaintiffs and their physicians did reasonably rely upon such representations that the aforesaid product was safe for use for repairing/correcting pelvic organ prolapse, rectocele, enterocele and stree urinary incontinence.

70. The representations by the Defendants, and each of them, to Plaintiffs were false and thereby caused Plaintiffs' injuries described herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## NINTH CAUSE OF ACTION

### [ Violation of State Consumer Fraud & Deceptive Trade Practices Act ]

71. Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in the pending paragraphs.

72. Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the sale and promotion of the Mesh Devices to Plaintiffs.

73. Defendants engaged in unfair, unconscionable, deceptive, fraudulent, and misleading act or practices in violation of all California and Colorado consumer protection laws, identified below. Through its false, untrue and misleading promotions of the Mesh Devices and/or local anesthetic products, Defendants induced Plaintiffs to purchase and/or pay for the purchase of the Mesh Devices. Defendants misrepresented the alleged benefits and characteristics of said products; suppressed, concealed, and failed to disclose material information concerning known adverse effects; misrepresented the quality as compared to much lower-cost alternatives; misrepresented and advertised that they were of a particular standard quality or grad that they were not; misrepresented in such a matter that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have switched to another product and/or chosen not to purchase and/or reimburse for purchase for the product; advertised with the intent not to sell as advertised; and otherwise engaged in fraudulent and deceptive conduct.

74. As such a matter that later, on disclosure of the true facts, there was a likelihood that Plaintiffs would have switched to another product and/or chosen not to purchase and/or reimburse for purchase for the

1  product; advertised with the intent not to sell as advertised; and otherwise engaged in fraudulent and
2  deceptive conduct.

3      75. Moreover, Defendants knowingly took advantage of Plaintiffs who were reasonably unable to
4  protect their interest due to ignorance of the harmful adverse effects. Defendants' conduct was willful,
5  outrageous, immoral, unethical, oppressive, unscrupulous, unconscionable and substantially injurious to
6  Plaintiffs and offends the public conscience.

7      76. As a result of and in reliance of Defendants' violative conduct, Plaintiffs purchased and/or paid for
8  purchases of the Mesh Devices that were not made for resale.

9      77. As such, Defendants engaged in unfair competition or deceptive acts or practices in violation of
10  California Business & Professional Code §17200, *et seq.*, California Business & Professional Code §17500,
11  *et seq.*, and C.R.S. 6-1-105, *et seq.*, among a proximate result of Defendants' misrepresentations and
12  omissions, Plaintiffs have suffered ascertainable losses, in an amount to be determined at trial.

13      78. As a direct and proximate consequence of Defendants' acts, omissions and misrepresentations
14  described herein, the Plaintiffs have required and will require healthcare and services; have incurred and will
15  continue to incur medical and related expenses; have suffered loss of wages and a diminished capacity to
16  earn wages in the future; has suffered and will continue to suffer mental anguish, diminished capacity for the
17  enjoyment of life, a diminished quality of life, increased risk of premature death, and other such damages.
18  Plaintiffs' direct medical losses and costs include care of hospitalization, physician car, monitoring,
19  treatment, medications, and supplies. Plaintiffs will continue to incur such losses in the future.

20      79. Defendants' conduct was committed with knowing, conscious, wanton, willful, and deliberate
21  disregard for the value of human life and the rights and safety of consumers, including Plaintiffs, thereby
22  entitling Plaintiffs to punitive and exemplary damages so as to punish Defendants and deter them from
23  similar conduct in the future.

24      WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth, seeking
25  compensatory damages, the imposition of a constructive trust over and restitution of the monies collected
26  and profits realized by the Defendants to cease such false and misleading advertising in the future, and
27  punitive and exemplary damages together with interest, the costs of suit and attorneys' fees and such other
28  and further relief as this court deems just and proper.

1

2

3

4

5                                           **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiffs demand judgment against the Defendants on each of the above-referenced

7   claims and Causes of Action and as follows:

8        a.    Awarding compensatory damages to Plaintiffs for past and future damages, including but not

9              limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiffs,

10             health care costs, medical monitoring, together with interest and costs as provided by law;

11       b.  For lost wages and loss of earning capacity in an amount to be proven at time of trial together with

12       interest thereon at the highest lawful rate from the date of judgment until paid in full;

13       c.  For imposition of a constructive trust and restitution;

14       d.  For punitive or exemplary and/or exemplary damages for the wanton, willful, fraudulent, reckless

15       acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety

16       and welfare of the general public and to the Plaintiffs in an amount sufficient to punish Defendants and

17       deter future similar conduct;

18       e.  For any other causes of action and/or claims as may be compensable under local laws and/or statutes

19       as may apply under the laws in the jurisdiction and venue in which this case will be transferred for trial'

20       f.  For Plaintiffs' reasonable attorneys' fees;

21       g.  For Plaintiffs' costs incurred herein together with interest thereon at the highest lawful rate from the

22       date of judgment until paid in full; and

23       h.  For such other relief as the Court deems just and proper.

24

25   Dated: December 16, 2010                      Girardi & Keese

26                                          By: _____

27                                               Thomas V. Girardi
                                                 Amy Fisch Solomon
28                                               Amanda Kent


                                              -15-

Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 16, 2010                    Girardi & Keese

                                    By: _____
                                            Thomas V. Girardi
                                            Amy Fisch Solomon
                                            Amanda Kent

                                            Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

# EXHIBIT B

1 | MICHELLE A. CHILDERS (SBN #197064)
2 | NATHAN D. CARDOZO (SBN #259097)
DRINKER BIDDLE & REATH LLP
3 | 50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
4 | Telephone:   (415) 591-7500
Facsimile:   (415) 591-7510

5 | Attorneys for Defendants
ETHICON, INC. (on its own behalf and behalf of its
6 | Division, ETHICON WOMEN'S HEALTH &
UROLOGY, and erroneously sued as GYNECARE,
7 | INC.); and JOHNSON & JOHNSON

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 1 4 2011

CLERK OF THE COURT
BY:  CAROLYN BALISTRERI
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DIANE McIRVIN, an individual; and
ALICE GALE WILSON, an individual,

Plaintiffs,

v.

GYNECARE, INC., a California
corporation; ETHICON, INC., a New
Jersey corporation; JOHNSON &
JOHNSON, a New Jersey corporation; and
DOE MANUFACTURERS ONE through
ONE HUNDRED,

Defendants.

Case No. CGC-10-506696

**ANSWER OF ETHICON, INC. TO
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

**GENERAL DENIAL**

Defendant ETHICON, INC. (on its own behalf and behalf of its Division, ETHICON

WOMEN'S HEALTH & UROLOGY, and erroneously sued as GYNECARE, INC.) ("Ethicon")[1]

by and through its attorneys of record Drinker Biddle & Reath LLP, hereby answers the

unverified Complaint for Damages and Demand for Jury Trial ("Complaint") as follows:

---

[1] Plaintiffs have erroneously sued GYNECARE, INC., a California corporation. Gynecare
Inc., a Delaware corporation, was acquired by Ethicon, Inc. on November 19, 1997. Gynecare
merged out of existence and into Ethicon, Inc. on January 3, 2000.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1       By virtue of the provisions of Cal. Civ. Proc. Code § 431.30, Ethicon generally denies

2    each and every allegation in the Complaint that relates to or is directed to Ethicon or any of its

3    alleged agents, servants or employees. Ethicon further denies that Plaintiffs have been damaged

4    to any extent or amount or are entitled to any relief whatsoever from Ethicon.

5       Ethicon additionally denies that there is any law, fact, theory or contractual or legal

6    relationship under which Plaintiffs are entitled to damages in any amount by this answering

7    Defendant.

<div align="center">

## DEFENSES

### FIRST DEFENSE

</div>

10       The Complaint fails to allege facts relating to Plaintiffs' fraud claim and Plaintiffs' claims

11    under the consumer protection acts of Plaintiffs' states of residence with the particularity required

12    by applicable law and is therefore insufficient to state a cause of action for fraud upon which

13    relief can be granted.

<div align="center">

### SECOND DEFENSE

</div>

15       Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations

16    and/or statutes of repose in the States of California, Colorado or Indiana.

<div align="center">

### THIRD DEFENSE

</div>

18       Plaintiffs may be barred from bringing some of the claims alleged in the Complaint

19    because Plaintiffs may lack standing and/or capacity to bring such claims.

<div align="center">

### FOURTH DEFENSE

</div>

21       Plaintiffs may have failed to join indispensable parties or real parties in interest necessary

22    for the just adjudication of this matter.

<div align="center">

### FIFTH DEFENSE

</div>

24       The United States District Court for the Northern District of California (San Francisco

25    Division) has jurisdiction of this case under 28 U.S.C. §§ 1332 and 1441. Diversity of citizenship

26    exists between Plaintiff and Defendants, and it is facially evident from the Complaint that the

27    amount in controversy exceeds $75,000.00, exclusive of interest and costs.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1       - 2 -

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## SIXTH DEFENSE

2     Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of

3 the product at issue in this case and thus the "last clear chance" and assumption of the risk

4 doctrines bar in whole or in part the damages Plaintiffs seek to recover herein.

5

## SEVENTH DEFENSE

6     At all times mentioned herein, Plaintiffs were negligent, careless and at fault and

7 conducted themselves so as to contribute substantially to their alleged injuries, losses, and

8 damages. Said negligence, carelessness and fault of Plaintiffs bars in whole or in part the

9 damages which Plaintiffs seek to recover herein.

10

## EIGHTH DEFENSE

11     Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at issue

12 in this case, if any, were caused by the acts or omissions of third parties for which Ethicon has no

13 legal responsibility.

14

## NINTH DEFENSE

15     Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at issue

16 in this case, if any, were solely caused by and attributable to the abnormal, unforeseeable,

17 unintended, unreasonable, and improper use which was made of said product.

18

## TENTH DEFENSE

19     Ethicon states that the sole proximate cause of the injuries and/or damages alleged by

20 Plaintiffs was the actions, omissions, or negligence of a person or persons, other than Ethicon, for

21 whose actions, omissions, or negligence Ethicon is in no way liable. Plaintiffs are not, therefore,

22 entitled to recover from Ethicon in this action. As to Plaintiffs or to any other entity or person

23 whose conduct or intervening negligence resulted in the alleged injuries and/or damages of

24 Plaintiffs, if any, Ethicon expressly pleads the doctrines of contributory negligence and/or

25 comparative fault and the provisions of any applicable comparative fault or contributory

26 negligence statute, law or policy of the States of California, New Jersey, Colorado, or Indiana.

27

## ELEVENTH DEFENSE

28     Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at

SF01/ 734470.1      - 3 -

1   issue in this case, if any, were not legally caused by the product at issue, but instead were legally

2   caused by intervening and superseding causes or circumstances.

3   ### TWELFTH DEFENSE

4        Plaintiffs' claims and the defenses thereto are governed by the laws of a foreign

5   jurisdiction.

6   ### THIRTEENTH DEFENSE

7        At all relevant times, Ethicon was in full compliance with all applicable federal

8   statutes and regulations, including but not limited to the Medical Device Amendments,

9   21 U.S.C. § 360c <u>et seq.</u>, to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301,

10  <u>et seq.</u>, and other federal statutes and regulations, and Plaintiffs' claims are accordingly

11  barred.

12  ### FOURTEENTH DEFENSE

13       The products at issue were accompanied by an adequate warning.

14  ### FIFTEENTH DEFENSE

15       Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the

16  doctrine of primary jurisdiction, in that the United States Food and Drug Administration ("FDA")

17  is charged under law with determining the content of warnings and labeling for medical devices.

18  ### SIXTEENTH DEFENSE

19       Plaintiffs cannot state a claim with regard to warnings and labeling for medical devices

20  because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

21  ### SEVENTEENTH DEFENSE

22       Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to

23  mitigate such damages.

24  ### EIGHTEENTH DEFENSE

25       Plaintiffs' claims for pain and suffering are barred because they violate Ethicon's rights to

26  procedural and substantive due process and equal protection as guaranteed by the Constitutions of

27  the United States and the States of California, New Jersey, Colorado and Indiana.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1                                    - 4 -

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## NINETEENTH DEFENSE

2   The liability of Ethicon, if any, for Plaintiffs' non-economic loss must be apportioned in

3   accordance with the provisions of CAL. CIV. CODE § 1431.2 or any similar law of the States of

4   New Jersey, Colorado or Indiana.

5

## TWENTIETH DEFENSE

6   The injuries resulting from the use of the product(s) referred to in the Complaint, if any,

7   were not foreseeable to Ethicon given the state of scientific knowledge and state-of-the-art at the

8   time of the alleged injuries. At all times relevant, the product(s) conformed to state-of-the-art

9   specifications and state-of-scientific knowledge for such product at that time, as well as all

10   applicable statutes and regulations, including those of the FDA.

11

## TWENTY-FIRST DEFENSE

12   In the event Ethicon is held liable to Plaintiffs, which liability is expressly denied, and any

13   other co-Defendants are also held liable, Ethicon is entitled to a percentage contribution of the

14   total liability from said co-Defendants in accordance with principles of equitable indemnity and

15   comparative contribution and pursuant to any applicable contribution or apportionment statute,

16   law or policy of the States of California, New Jersey, Colorado or Indiana.

17

## TWENTY-SECOND DEFENSE

18   Plaintiffs' claims against Ethicon are barred by the doctrines of equitable estoppel, laches,

19   consent, waiver, res judicata, and collateral estoppel. Additionally, if either Plaintiff had or has

20   filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for

21   bankruptcy at some point in the future, the claims of any such Plaintiff may be "property of the

22   bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than the plaintiff,

23   or, if not disclosed by the plaintiff on the schedules and/or statement of financial affairs, may

24   be barred by the doctrine of judicial estoppel.

25

## TWENTY-THIRD DEFENSE

26   Plaintiffs' claims for breach of warranty are barred by Plaintiffs' failure to give sufficient

27   and timely notices as required by law and by Plaintiffs' inability to show any reliance on any

28   alleged representation or warranty.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1                                     - 5 -

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## TWENTY-FOURTH DEFENSE

2 Plaintiffs are barred from recovery as to any or all causes of action due to their lack of

3 privity with Ethicon.

4

## TWENTY-FIFTH DEFENSE

5 Any express or implied warranties alleged to have been made by Ethicon were disclaimed.

6

## TWENTY-SIXTH DEFENSE

7 To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made

8 to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531

9 U.S. 341 (2001).

10

## TWENTY-SEVENTH DEFENSE

11 Plaintiffs' causes of action are barred by the learned intermediary doctrine.

12

## TWENTY-EIGHTH DEFENSE

13 The sale, labeling and marketing of products at issue in this litigation is not, and was not,

14 likely to mislead or deceive the public.

15

## TWENTY-NINTH DEFENSE

16 The product at issue was altered after it left the control, custody and possession of

17 Ethicon, and said alteration relieves Ethicon of any and all liability.

18

## THIRTIETH DEFENSE

19 Any strict liability cause of action for relief is subject to the limitations set forth in

20 Restatement (Second) of Torts, Section 402A, comment k.

21

## THIRTY-FIRST DEFENSE

22 Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries, losses, or

23 damages, which is denied, those injuries or damages resulted from pre-existing or unrelated

24 medical, genetic, or environmental conditions, diseases, or illnesses.

25

## THIRTY-SECOND DEFENSE

26 To the extent that the injuries alleged by Plaintiffs resulted from an idiosyncratic reaction,

27 Plaintiffs' claims are barred.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1 - 6 -

**THIRTY-THIRD DEFENSE**

Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

**THIRTY-FOURTH DEFENSE**

The imposition of punitive or exemplary damages would violate Ethicon's constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in the Eighth Amendment to the Constitution of the United States, the double jeopardy clause in the Fifth Amendment to the Constitution of the United States, and equivalent applicable provisions in the Constitutions, common law, public policy, applicable statutes and court rules of the States of California, New Jersey, Colorado or Indiana, to the extent that punitive damages awarded to any Plaintiff are (1) imposed by a jury that is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award; is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidious discriminatory characteristics, including the corporate status, wealth, or state of residence of defendant; or is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; (2) are not subject to independent de novo review by the trial and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective legal standards and in conformity with the United States Constitution as amended or any applicable State constitution; (3) imposed where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; or (5) imposed on the basis of anything other than Ethicon's conduct within the State where each Plaintiff resides, or in any other way subjecting Ethicon to impermissible multiple punishment for the same alleged wrong.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1                                    - 7 -

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## THIRTY-FIFTH DEFENSE

2    To the extent that Plaintiffs claim that CAL. CIV. CODE § 3294 applies to this lawsuit, this

3  statute is invalid on its face or as applied to Ethicon pursuant to Article I, Section 10, Article IV,

4  Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of

5  the United States; and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16 of the

6  California Constitution.

7

## THIRTY-SIXTH DEFENSE

8    Ethicon specifically incorporates by reference all standards of limitations regarding the

9  determination and enforceability of punitive damage awards as applied to the state and federal

10  courts of the States of California, New Jersey, Colorado and Indiana under the Due Process clause

11  of the Fourteenth Amendment to the United States Constitution.

12

## THIRTY-SEVENTH DEFENSE

13    The Complaint fails to state a cause of action upon which relief can be granted, because

14  the federal government has preempted the field of law applicable to the product alleged to have

15  caused Plaintiffs' injuries, including but not limited to preemption, in whole or in part, by the

16  Federal Food Drug and Cosmetic Act and the Medical Device amendments thereto. The granting

17  of relief prayed for in the Complaint would impede, impair, frustrate, or burden the effectiveness

18  of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of the

19  Constitution of the United States.

20

## THIRTY-EIGHTH DEFENSE

21    Plaintiffs' alleged causes of action have been improperly joined together under the

22  applicable Rules of Civil Procedure and the laws of the States of California, New Jersey,

23  Colorado and Indiana.

24

## THIRTY-NINTH DEFENSE

25    The improper joinder of Plaintiffs' alleged causes of action violate the procedural and

26  substantive due process rights of Ethicon under the Constitutions of the United States of America

27  and the States of California, New Jersey, Colorado and Indiana.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734470.1                                        - 8 -

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## FORTIETH DEFENSE

2    Ethicon asserts the provisions of all applicable statutory caps on damages of any sort,

3  including punitive or exemplary damages, under the laws of the States of California, Colorado,

4  New Jersey and Indiana.

5

## FORTY-FIRST DEFENSE

6    Plaintiffs' claims are governed and barred, in whole or in part, by Sections 2, 4, and 6 of

7  The Restatement (Third) of Torts (including the comments thereto) because Ethicon complied

8  with all applicable statutes and with the requirements and regulations of the FDA.

9

## FORTY-SECOND DEFENSE

10    Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to assert a safer

11  design for the products at issue.

12

## FORTY-THIRD DEFENSE

13    Plaintiffs' claims are barred in whole or in part because the product(s) at issue provided a

14  benefit to users of such product and greatly outweighed any risk created by using such product,

15  any risk could not have been avoided through the use of the highest standards of scientific and

16  technical knowledge available at the time, the benefit provided to users could not be achieved in

17  another manner with less risk, and adequate warnings concerning the risk were provided.

18

## FORTY-FOURTH DEFENSE

19    Ethicon hereby gives notice that it intends to rely upon and incorporate by reference any

20  affirmative defenses that may be asserted by any co-Defendant in this lawsuit.

21

## FORTY-FIFTH DEFENSE

22    Ethicon reserves the right to assert any additional defenses and matters in avoidance,

23  which may be disclosed during the course of additional investigation and discovery.

24    WHEREFORE, Defendant Ethicon prays that:

25    (1)    Plaintiffs take nothing by reason of their Complaint;

26    (2)    the Complaint be dismissed in its entirety and that a Judgment against Plaintiffs

27  and in favor of Ethicon be entered;

28    (3)    Ethicon be awarded its costs and expenses; and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/734470.1                                      - 9 -

ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    (4)    this Court award Ethicon any other and general or specific relief as this Court may

2    deem just and proper.

3

4    Dated: February 14, 2011                    DRINKER BIDDLE & REATH LLP

5

6                                                By: _____

7                                                    Michelle A. Childers
                                                     Nathan D. Cardozo

8                                                Attorneys for Defendants
                                                 ETHICON, INC. (on its own behalf and behalf
9                                                of its Division, ETHICON WOMEN'S
                                                 HEALTH & UROLOGY, and erroneously
10                                               sued as GYNECARE, INC.); and JOHNSON
                                                 & JOHNSON
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF01/ 734470.1                                   - 10 -

1

## CERTIFICATE OF SERVICE

2      I, Lee Ann L. Alldridge, declare that:

3      I am at least 18 years of age, and not a party to the above-entitled action. My
4  business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,
   Telephone: (415) 591-7500.

5      On February 14, 2011, I caused to be served the following document(s):

6

7  **ANSWER OF ETHICON, INC. TO COMPLAINT FOR DAMAGES AND DEMAND
   FOR JURY TRIAL**

8

9  by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as
   follows:

10  ☑  BY MAIL: I am readily familiar with the business' practice for collection and
11       processing of correspondence for mailing with the United States Postal Service. I
        know that the correspondence is deposited with the United States Postal Service on
12       the same day this declaration was executed in the ordinary course of business. I
        know that the envelope was sealed, and with postage thereon fully prepaid, placed
13       for collection and mailing on this date, following ordinary business practices, in the
        United States mail at San Francisco, California.

14  ☐  BY PERSONAL SERVICE: I caused such envelopes to be delivered by a
15       messenger service by hand to the address(es) listed below:

16  ☐  BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a
        Federal Express envelope, addressed as follows:

17
    ☐  BY FACSIMILE: I caused such documents to be transmitted by facsimile
18       transmission and mail as indicated above.

19      Thomas V. Girardi
        Amy Fisch Solomon
20      Amanda Kent
        Girardi | Keese
21      1126 Wilshire Blvd.
        Los Angeles, CA 90017
22      Telephone: (213) 977-0211
        Facsimile:  (213) 481-1554
23
        Attorneys for Plaintiffs
24      Diane McIrvin and Alice Gale
        Wilson
25
        I declare under penalty of perjury under the laws of the State of California that the
26  above is true and correct. Executed on February 14, 2011 at San Francisco, California.

27

28                                    Lee Ann L. Alldridge

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   MICHELLE A. CHILDERS (SBN #197064)
2   NATHAN D. CARDOZO (SBN #259097)
    DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, CA 94105-2235
    Telephone:   (415) 591-7500
4   Facsimile:   (415) 591-7510

5   Attorneys for Defendants
    ETHICON, INC. (on its own behalf and behalf of its
6   Division, ETHICON WOMEN'S HEALTH &
    UROLOGY, and erroneously sued as GYNECARE,
7   INC.); and JOHNSON & JOHNSON

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          COUNTY OF SAN FRANCISCO
10

11
    DIANE McIRVIN, an individual; and          Case No. CGC-10-506696
12  ALICE GALE WILSON, an individual,

                                               ANSWER OF JOHNSON & JOHNSON TO
13              Plaintiffs,                     COMPLAINT FOR DAMAGES AND
                                               DEMAND FOR JURY TRIAL
14         v.

15  GYNECARE, INC., a California
    corporation; ETHICON, INC., a New
16  Jersey corporation; JOHNSON &
    JOHNSON, a New Jersey corporation; and
17  DOE MANUFACTURERS ONE through
    ONE HUNDRED,
18
                Defendants.
19

20                              GENERAL DENIAL

21          Defendant JOHNSON & JOHNSON, by and through its attorneys of record Drinker

22  Biddle & Reath LLP, hereby answers the unverified Complaint for Damages and Demand for

23  Jury Trial ("Complaint") as follows:

24          By virtue of the provisions of Cal. Civ. Proc. Code § 431.30, Johnson & Johnson

25  generally denies each and every allegation in the Complaint that relates to or is directed to

26  Johnson & Johnson or any of its alleged agents, servants or employees. Johnson & Johnson

27  further denies that Plaintiffs have been damaged to any extent or amount or are entitled to any

28

DRINKER BIDDLE &    SF01/ 734472.1
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO           ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 1 4 2011

CLERK OF THE COURT
BY: CAROLYN BALISTRERI
                    Deputy Clerk

1  relief whatsoever from Johnson & Johnson.

2  Johnson & Johnson additionally denies that there is any law, fact, theory or contractual or

3  legal relationship under which Plaintiffs are entitled to damages in any amount by this answering

4  Defendant.

5  **DEFENSES**

6  **FIRST DEFENSE**

7  The Plaintiffs' claims against Johnson & Johnson are barred because Johnson & Johnson

8  does not design, develop, manufacture, market, promote or sell any product

9  **SECOND DEFENSE**

10  The Complaint fails to allege facts relating to Plaintiffs' fraud claim and Plaintiffs' claims

11  under the consumer protection acts of Colorado and Plaintiffs' states of residence with the

12  particularity required by applicable law and is therefore insufficient to state a cause of action for

13  fraud upon which relief can be granted.

14  **THIRD DEFENSE**

15  Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations

16  and/or statutes of repose in the States of California, Colorado or Indiana.

17  **FOURTH DEFENSE**

18  Plaintiffs may be barred from bringing some of the claims alleged in the Complaint

19  because Plaintiffs may lack standing and/or capacity to bring such claims.

20  **FIFTH DEFENSE**

21  Plaintiffs may have failed to join indispensable parties or real parties in interest necessary

22  for the just adjudication of this matter.

23  **SIXTH DEFENSE**

24  The United States District Court for the Northern District of California (San Francisco

25  Division) has jurisdiction of this case under 28 U.S.C. §§ 1332 and 1441. Diversity of citizenship

26  exists between Plaintiff and Defendants, and it is facially evident from the Complaint that the

27  amount in controversy exceeds $75,000.00, exclusive of interest and costs.

28

SF01/ 734472.1                          - 2 -

1

## SEVENTH DEFENSE

2    Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of

3 the product at issue in this case and thus the "last clear chance" and assumption of the risk

4 doctrines bar in whole or in part the damages Plaintiffs seek to recover herein.

5

## EIGHTH DEFENSE

6    At all times mentioned herein, Plaintiffs were negligent, careless and at fault and

7 conducted themselves so as to contribute substantially to their alleged injuries, losses, and

8 damages. Said negligence, carelessness and fault of Plaintiffs bars in whole or in part the

9 damages which Plaintiffs seek to recover herein.

10

## NINTH DEFENSE

11    Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at issue

12 in this case, if any, were caused by the acts or omissions of third parties for which Johnson &

13 Johnson has no legal responsibility.

14

## TENTH DEFENSE

15    Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at issue

16 in this case, if any, were solely caused by and attributable to the abnormal, unforeseeable,

17 unintended, unreasonable, and improper use which was made of said product.

18

## ELEVENTH DEFENSE

19    Johnson & Johnson states that the sole proximate cause of the injuries and/or damages

20 alleged by Plaintiffs was the actions, omissions, or negligence of a person or persons, other than

21 Johnson & Johnson, for whose actions, omissions, or negligence Johnson & Johnson is in no way

22 liable. Plaintiffs are not, therefore, entitled to recover from Johnson & Johnson in this action.

23 As to Plaintiffs or to any other entity or person whose conduct or intervening negligence resulted

24 in the alleged injuries and/or damages of Plaintiffs, if any, Johnson & Johnson expressly pleads

25 the doctrines of contributory negligence and/or comparative fault and the provisions of any

26 applicable comparative fault or contributory negligence statute, law or policy of the States of

27 California, New Jersey, Colorado or Indiana.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734472.1                          - 3 -

ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## TWELFTH DEFENSE

2    Plaintiffs' alleged injuries, losses, or damages attributable to the use of the product at

3 issue in this case, if any, were not legally caused by the product at issue, but instead were legally

4 caused by intervening and superseding causes or circumstances.

5

## THIRTEENTH DEFENSE

6    Plaintiffs' claims and the defenses thereto are governed by the laws of a foreign

7 jurisdiction.

8

## FOURTEENTH DEFENSE

9    At all relevant times, Johnson & Johnson was in full compliance with all

10 applicable federal statutes and regulations, including but not limited to the Medical

11 Device Amendments, 21 U.S.C. § 360c et seq., to the federal Food, Drug and Cosmetic

12 Act, 21 U.S.C. §§ 301, et seq., and other federal statutes and regulations, and Plaintiffs'

13 claims are accordingly barred.

14

## FIFTEENTH DEFENSE

15    The products at issue were accompanied by an adequate warning.

16

## SIXTEENTH DEFENSE

17    Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the

18 doctrine of primary jurisdiction, in that the United States Food and Drug Administration ("FDA")

19 is charged under law with determining the content of warnings and labeling for medical devices.

20

## SEVENTEENTH DEFENSE

21    Plaintiffs cannot state a claim with regard to warnings and labeling for medical devices

22 because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

23

## EIGHTEENTH DEFENSE

24    Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to

25 mitigate such damages.

26

## NINETEENTH DEFENSE

27    Plaintiffs' claims for pain and suffering are barred because they violate Johnson &

28 Johnson's rights to procedural and substantive due process and equal protection as guaranteed by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734472.1                                   - 4 -

ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  the Constitutions of the United States and the States of California, New Jersey, Colorado and
2  Indiana.

3  ## TWENTIETH DEFENSE

4  The liability of Johnson & Johnson, if any, for Plaintiffs' non-economic loss must be
5  apportioned in accordance with the provisions of CAL. CIV. CODE § 1431.2 or any similar law of
6  the States of New Jersey or Indiana.

7  ## TWENTY-FIRST DEFENSE

8  The injuries resulting from the use of the product(s) referred to in the Complaint, if any,
9  were not foreseeable to Johnson & Johnson given the state of scientific knowledge and state-of-
10  the-art at the time of the alleged injuries. At all times relevant, the product(s) conformed to state-
11  of-the-art specifications and state-of-scientific knowledge for such product at that time, as well as
12  all applicable statutes and regulations, including those of the FDA.

13  ## TWENTY-SECOND DEFENSE

14  In the event Johnson & Johnson is held liable to Plaintiffs, which liability is expressly
15  denied, and any other co-Defendants are also held liable, Johnson & Johnson is entitled to a
16  percentage contribution of the total liability from said co-Defendants in accordance with
17  principles of equitable indemnity and comparative contribution and pursuant to any applicable
18  contribution or apportionment statute, law or policy of the States of California, New Jersey,
19  Colorado or Indiana.

20  ## TWENTY-THIRD DEFENSE

21  Plaintiffs' claims against Johnson & Johnson are barred by the doctrines of equitable
22  estoppel, laches, consent, waiver, res judicata, and collateral estoppel. Additionally, if either
23  Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the
24  Complaint or files for bankruptcy at some point in the future, the claims of any such Plaintiff may
25  be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee
26  rather than the plaintiff, or, if not disclosed by the plaintiff on the schedules and/or statement of
27  financial affairs, may be barred by the doctrine of judicial estoppel.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/734472.1                     - 5 -

1

## TWENTY-FOURTH DEFENSE

2     Plaintiffs' claims for breach of warranty are barred by Plaintiffs' failure to give sufficient

3 and timely notices as required by law and by Plaintiffs' inability to show any reliance on any

4 alleged representation or warranty.

5

## TWENTY-FIFTH DEFENSE

6     Plaintiffs are barred from recovery as to any or all causes of action due to their lack of

7 privity with Johnson & Johnson.

8

## TWENTY-SIXTH DEFENSE

9     Any express or implied warranties alleged to have been made by Johnson & Johnson were

10 disclaimed.

11

## TWENTY-SEVENTH DEFENSE

12     To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made

13 to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531

14 U.S. 341 (2001).

15

## TWENTY-EIGHTH DEFENSE

16     Plaintiffs' causes of action are barred by the learned intermediary doctrine.

17

## TWENTY-NINTH DEFENSE

18     The sale, labeling and marketing of products at issue in this litigation is not, and was not,

19 likely to mislead or deceive the public.

20

## THIRTIETH DEFENSE

21     Johnson & Johnson has never had possession and control over the products at issue in this

22 action, and therefore the Complaint as to each cause of action fails to state a claim against

23 Johnson & Johnson.

24

## THIRTY-FIRST DEFENSE

25     Any strict liability cause of action for relief is subject to the limitations set forth in

26 Restatement (Second) of Torts, Section 402A, comment k.

27

## THIRTY-SECOND DEFENSE

28     Plaintiffs' causes of action are barred because if Plaintiffs sustained any injuries, losses, or

1   damages, which is denied, those injuries or damages resulted from pre-existing or unrelated

2   medical, genetic, or environmental conditions, diseases, or illnesses.

3                                **THIRTY-THIRD DEFENSE**

4          To the extent that the injuries alleged by Plaintiffs resulted from an idiosyncratic reaction,

5   Plaintiffs' claims are barred.

6                                **THIRTY-FOURTH DEFENSE**

7          Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received

8   or will receive from others for the same injuries claimed in this lawsuit.

9                                **THIRTY-FIFTH DEFENSE**

10         The imposition of punitive or exemplary damages would violate Johnson & Johnson's

11  constitutional rights, including but not limited to those under the due process clauses in the Fifth

12  and Fourteenth Amendments to the Constitution of the United States, the excessive fines clause in

13  the Eighth Amendment to the Constitution of the United States, the double jeopardy clause in the

14  Fifth Amendment to the Constitution of the United States, and equivalent applicable provisions in

15  the Constitutions, common law, public policy, applicable statutes and court rules of the States of

16  California, New Jersey, Colorado or Indiana, to the extent that punitive damages awarded to any

17  Plaintiff are (1) imposed by a jury that is not provided standards of sufficient clarity for

18  determining the appropriateness, and the appropriate size, of such a punitive damages award; is

19  not adequately and clearly instructed on the limits on punitive damages imposed by the principles

20  of deterrence and punishment; is not expressly prohibited from awarding punitive damages, or

21  determining the amount of an award thereof, in whole or in part, on the basis of invidious

22  discriminatory characteristics, including the corporate status, wealth, or state of residence of

23  defendant; or is permitted to award punitive damages under a standard for determining liability

24  for such damages which is vague and arbitrary and does not define with sufficient clarity the

25  conduct or mental state which makes punitive damages permissible; (2) are not subject to

26  independent de novo review by the trial and appellate courts for reasonableness and the

27  furtherance of legitimate purposes on the basis of objective legal standards and in conformity

28  with the United States Constitution as amended or any applicable State constitution; (3) imposed

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734472.1                                    - 7 -

ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   where state law is impermissibly vague, imprecise, or inconsistent; (4) subject to no

2   predetermined limit, such as a maximum multiple of compensatory damages or a maximum

3   amount; or (5) imposed on the basis of anything other than Johnson & Johnson's conduct within

4   the State where each Plaintiff resides, or in any other way subjecting Johnson & Johnson to

5   impermissible multiple punishment for the same alleged wrong.

6                                    **THIRTY-SIXTH DEFENSE**

7        To the extent that Plaintiffs claim that CAL. CIV. CODE § 3294 applies to this lawsuit, this

8   statute is invalid on its face or as applied to Johnson & Johnson pursuant to Article I, Section 10,

9   Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the

10  Constitution of the United States; and Article I, Sections 7, 9, 15 and 17, and Article IV, Section

11  16 of the California Constitution.

12                                   **THIRTY-SEVENTH DEFENSE**

13       Johnson & Johnson specifically incorporates by reference all standards of limitations

14  regarding the determination and enforceability of punitive damage awards as applied to the state

15  and federal courts of the States of California, New Jersey, California and Indiana under the Due

16  Process clause of the Fourteenth Amendment to the United States Constitution.

17                                   **THIRTY-EIGHTH DEFENSE**

18       The Complaint fails to state a cause of action upon which relief can be granted, because

19  the federal government has preempted the field of law applicable to the product alleged to have

20  caused Plaintiffs' injuries, including but not limited to preemption, in whole or in part, by the

21  Federal Food Drug and Cosmetic Act and the Medical Device amendments thereto. The granting

22  of relief prayed for in the Complaint would impede, impair, frustrate, or burden the effectiveness

23  of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of the

24  Constitution of the United States.

25                                   **THIRTY-NINTH DEFENSE**

26       Plaintiffs' alleged causes of action have been improperly joined together under the

27  applicable Rules of Civil Procedure and the laws of the States of California, New Jersey, and

28  Indiana.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734472.1                                    - 8 -

ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## FORTIETH DEFENSE

2       The improper joinder of Plaintiffs' alleged causes of action violate the procedural and

3 substantive due process rights of Johnson & Johnson under the Constitutions of the United States

4 of America and the States of California, New Jersey, and Indiana.

5

## FORTY-FIRST DEFENSE

6       Johnson & Johnson asserts the provisions of all applicable statutory caps on damages of

7 any sort, including punitive or exemplary damages, under the laws of the States of California,

8 Colorado, New Jersey, and Indiana.

9

## FORTY-SECOND DEFENSE

10       Plaintiffs' claims are governed and barred, in whole or in part, by Sections 2, 4, and 6 of

11 The Restatement (Third) of Torts (including the comments thereto) because Johnson & Johnson

12 complied with all applicable statutes and with the requirements and regulations of the FDA.

13

## FORTY-THIRD DEFENSE

14       Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to assert a safer

15 design for the products at issue.

16

## FORTY-FOURTH DEFENSE

17       Plaintiffs' claims are barred in whole or in part because the product(s) at issue provided a

18 benefit to users of such product and greatly outweighed any risk created by using such product,

19 any risk could not have been avoided through the use of the highest standards of scientific and

20 technical knowledge available at the time, the benefit provided to users could not be achieved in

21 another manner with less risk, and adequate warnings concerning the risk were provided.

22

## FORTY-FIFTH DEFENSE

23       Johnson & Johnson hereby gives notice that it intends to rely upon and incorporate by

24 reference any affirmative defenses that may be asserted by any co-Defendant in this lawsuit.

25

## FORTY-SIXTH DEFENSE

26       Johnson & Johnson reserves the right to assert any additional defenses and matters in

27 avoidance, which may be disclosed during the course of additional investigation and discovery.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SF01/ 734472.1           ,       - 9 -

ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    WHEREFORE, Defendant Johnson & Johnson  prays that:

2        (1)    Plaintiffs take nothing by reason of their Complaint;

3        (2)    the Complaint be dismissed in its entirety and that a Judgment against Plaintiffs

4    and in favor of Johnson & Johnson  be entered;

5        (3)    Johnson & Johnson  be awarded its costs and expenses; and

6        (4)    this Court award Johnson & Johnson  any other and general or specific relief as

7    this Court may deem just and proper.

8

9    Dated: February __14__, 2011                DRINKER BIDDLE & REATH LLP

10

11                                        By: _____

12                                            Michelle A. Childers
                                            Nathan D. Cardozo

13                                          Attorneys for Defendants
                                            ETHICON, INC. (on its own behalf and behalf

14                                          of its Division, ETHICON WOMEN'S
                                            HEALTH & UROLOGY, and erroneously

15                                          sued as GYNECARE, INC.); and JOHNSON
                                            & JOHNSON

16

17

18

19

20

21

22

23

24

25

26

27

28

SF01/ 734472.1                        - 10 -

ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1                             **CERTIFICATE OF SERVICE**

2       I, Lee Ann L. Alldridge, declare that:

3          I am at least 18 years of age, and not a party to the above-entitled action. My

4  business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

5        On February 14, 2011, I caused to be served the following document(s):

6

7   **ANSWER OF JOHNSON & JOHNSON TO COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

8

9  by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

10  ☑  BY MAIL: I am readily familiar with the business' practice for collection and

11       processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on

12       the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed

13       for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

14  ☐  BY PERSONAL SERVICE: I caused such envelopes to be delivered by a

15       messenger service by hand to the address(es) listed below:

16  ☐  BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

17  ☐  BY FACSIMILE: I caused such documents to be transmitted by facsimile

18       transmission and mail as indicated above.

19     Thomas V. Girardi
    Amy Fisch Solomon

20     Amanda Kent
    Girardi | Keese

21     1126 Wilshire Blvd.
    Los Angeles, CA 90017

22     Telephone: (213) 977-0211
    Facsimile: (213) 481-1554

23

    Attorneys for Plaintiffs

24     Diane McIrvin and Alice Gale
    Wilson

25

26      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 14, 2011 at San Francisco, California.

27

28                             Lee Ann L. Alldridge

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

# EXHIBIT C

31 Trials Digest 3d 113 (Cal.Superior), 1999 WL 33100260
For Dockets See BC161172

Copyright (c) 2009 Thomson Reuters/West

Superior Court, Los Angeles County, California.

Casadei vs. Norris

**TOPIC:**
Synopsis: Negligence alleged in treatment of perineum tear and performance of reconstruction surgery
Case Type: Medical Malpractice; Surgeon; Medical Malpractice; Obstetrician/Gynecologist; Surgery/Procedures;
Miscellaneous

**DOCKET NUMBER:** BC161172

**STATE:** California
**COUNTY:** Los Angeles

**Verdict/Judgment Date:** August 2, 1999

**JUDGE:** Irving S. Feffer

**ATTORNEYS:**
Plaintiff: John F. Denove, Cheong, Denove, Rowell, Antablin & Bennett, Los Angeles.
Defendant: Marshall Silberberg, Baker, Silberberg & Keener, Irvine.; Arthur Tuverson, Tuverson & Hillyard, Los
Angeles.

**SUMMARY:**
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $530,415

**Range: $500,000-$999,999**

Gross award of $480,415 ($52,500 past economic, $100,000 past non-economic, $87,500 future economic and
$250,000 future non-economic) awarded to plaintiff Andrea Casadei plus CCP 998 costs of $44,491 plus interest at
10 percent per annum from February 13, 1998 and $50,000 non-economic damages awarded to plaintiff Bart
Zeigler. Liability was allocated 100 percent to defendant Marvin Corman.
Trial Type: Jury.
Trial Length: 17 days.
Deliberations: 2 days.
Jury Poll: Not reported.

**EXPERTS:**
Plaintiff: James Heaps, obstetrician/gynecologist, West Los Angeles.; Trudy Moss, psychologist, West Los Angeles.; Joseph Oliver, obstetrician/gynecologist, Pasadena.; Joyce B. Pickersgill Ph.D., economist, Formuzis, Pickersgill & Hunt, Santa Ana, (714) 542-8853.; Douglas Smiley, colorectal surgeon, Los Angeles.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Defendant: William A. Frumovitz, obstetrician/gynecologist, Santa Monica, (310) 829-7878.; Barbara C. Luna Ph.D., economist, White, Zuckerman, Warsavsky & Luna, Sherman Oaks, (818) 981-4226.; David Rothenberger, colorectal surgeon, Minnesota.; Thomas Sokol, colorectal surgeon, Beverly Hills.; Paul Weber, obstetrician/gynecologist, Long Beach.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiffs claimed negligence in the care and treatment of plaintiff wife following the birth of their child. The plaintiffs were Andrea Casadei, 31, and Bart Ziegler, 28. The defendants were Marvin Corman, Marvin Corman, M.D. Inc., Karl Norris and Karl Norris, M.D. Inc.
Plaintiff Andrea Casadei was a patient of defendant Karl Norris, an obstetrician/gynecologist, for the pregnancy and birth of her first child. During the birth of her child on August 5, 1995 Casadei sustained a 4th degree perineum tear that was subsequently repaired by Norris. Casadei claimed that she sustained the injury because of Norris' negligence both in the repair of the tear and in the after-care.
Subsequent to Norris' care and treatment, Casadei was a patient of defendant Marvin Corman. On February 23, 1996 Casadei underwent an anovaginal reconstruction surgery that was performed by Corman. Casadei alleged that she was injured due to the negligent conduct of Corman both in the failure to obtain informed consent and in the performance of the surgery and the after-care.
Defendants denied that they were negligent and contended that all the treatment they provided was appropriate and with consent. They further contested the nature and extent of the injuries claimed. Defendant Corman, a past president of the American Society of Colorectal Surgeons, performed an operation on Casadei that was named after him. Corman claimed that it was impossible for this injury to have occurred as a result of the surgery. Corman argued that most of Casadei's complaints preexisted her delivery and the rest occurred after delivery and before Casadei saw him.

CLAIMED INJURIES
According to Plaintiff: Andrea Casadei: Severe pain; dyspareunia; fecal incontinence; three revision surgeries after February 23, 1996 surgery; inability to stand up straight or sit. Bart Ziegler: Lost consortium.

CLAIMED DAMAGES
According to Plaintiff: Andrea Casadei: Medical and related expenses (past medical paid by collateral source); $125,000 past income; $834,000 future income. Bart Ziegler: Lost consortium damages.

SETTLEMENT DISCUSSIONS
According to Plaintiff: Demand: $499,000 (CCP 998) from defendant Corman; $29,999 from Norris. Offer: None.

COMMENTS
According to Plaintiff: Defense experts Rothenberger, Sokol and Weber were expert witnesses for defendant Corman. Defense expert Frumovitz was an expert witness for defendant Norris. Marshall Silberberg represented defendants Marvin Corman and Marvin Corman, M.D. Inc. Arthur Tuverson represented defendants Karl Norris and Karl Norris, M.D. Inc.
Trials Digest, A Thomson/West business

Los Angeles County Superior Court/Downtown
31 Trials Digest 3d 113 (Cal.Superior), 1999 WL 33100260
END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT D

.12 Trials Digest 3d 45                                                                      Page 1

12 Trials Digest 3d 45 (Cal.Superior), 1998 WL 866008

Copyright (c) 2009 Thomson Reuters/West

Superior Court, Los Angeles County, California.

Penix vs. Martin

**TOPIC:**
Synopsis: Surgical procedure allegedly chosen without disclosing risks/complications and because it was more expensive
Case Type: Medical Malpractice; Obstetrician/Gynecologist

**DOCKET NUMBER: LC038378**

**STATE:** California
**COUNTY:** Los Angeles

Verdict/Judgment Date: September 2, 1998

JUDGE: Richard A. Adler

**ATTORNEYS:**
Plaintiff: Brian R. Magana, Magana, Cathcart & McCarthy, Los Angeles.
Defendant: Gregory M. Hulbert, Reback, Hulbert, McAndrews & Kjar, Manhattan Beach.

**SUMMARY:**
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $116,661

Range: $100,000-$199,999

Gross amount awarded.
Trial Type: Jury
Trial Length: 5 days.
Deliberations: 1 day.
Jury Poll: 12-0.

**EXPERTS:**
Plaintiff: William A. Frumovitz, obstetrician/gynecologist, Santa Monica, (310) 829-7878.; Thomas Lebherz, obstetrician/gynecologist, UCLA, Los Angeles.
Defendant: Stephen Rabin, obstetrician/gynecologist, Los Angeles.

**TEXT:**
**CASE INFORMATION**
**FACTS/CONTENTIONS**

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

According to Defendant: Plaintiff claimed that defendant ob/gyn unilaterally decided on a certain type of surgical procedure to remove a cyst without disclosing the risks and complications and because it was more expensive than an office procedure. The plaintiff was Patricia Penix. The defendant was Malverse Martin, an obstetrician/gynecologist. Plaintiff, who was 34 at the time, presented to defendant with gynecological complaints referable to a Bartholin's cyst. Initial treatment with antibiotics was unavailing and, accordingly, the patient returned to defendant's office with the expectation that the cyst would be 'lanced' in the office with the use of a local anesthetic. Instead of lancing the cyst as expected, however, defendant advised the patient that it was located in a 'delicate' area such that she would never be able to stand the pain and that she needed to have it surgically removed in the hospital. One week later, on September 11, 1995, defendant performed a surgical excision of the cyst. The patient ended up with substantial hypertrophic scarring of the wall of the vagina and labial hypertrophy which resulted in vaginal disfigurement and necessitated cosmetic-reconstructive surgery. The surgery was subsequently attempted by defendant six weeks following the initial surgery on October 13, 1995 and was admittedly unsuccessful and resulted in further disfigurement and scarring.

Plaintiff alleged that defendant inappropriately and unilaterally decided to perform a Bartholin's cystectomy without disclosing the inherent risks and complications attendant to such a procedure because of the substantial financial benefit garnered by performing the more complicated and involved procedure, as opposed to the simple, quick (less than five minutes) and inexpensive office procedure which should have been performed. It was further asserted that the type of procedure defendant performed was one which was reserved for middle-aged women who were suspected to have a potential Bartholin carcinoma because of the fact that it was well-known that the risks of scarring, dyspareunia, bleeding and disfigurement was likely. The standard of care mandated that the least intrusive and least risky modalities of treatment be attempted first, which would carry a 99 percent success rate without the corresponding risks of scarring and disfigurement. Opting to remove the cyst surgically as a primary procedure was inappropriate, contraindicated and below the standard of care. Plaintiff further asserted that she was told essentially that she had no choice in the modality of treatment as the cyst was located in an area that would not allow its removal in an office setting and that she would be fine and need not worry about it.

Defendant contended that he explained each of the modalities of treatment to the patient; that she was desirous of having the more extensive and involved surgical excision because it carried with it the least risks of a recurrence of the cyst, although he conceded that he did not discuss with her the potential risks of scarring, permanent dyspareunia and cosmetic disfigurement because he believed they were rare to encounter and not normally recognized risks of the procedure. Defendant asserted that the surgery was an appropriate modality of treatment which the patient herself selected and that the unfortunate complications which she experienced were not the result of negligence.

### CLAIMED INJURIES
According to Defendant: Hypertrophic scarring of vaginal wall resulting in permanent dyspareunia and vaginal disfigurement.

### CLAIMED DAMAGES
According to Defendant: $6,661 medical specials.

### SETTLEMENT DISCUSSIONS
According to Defendant: Demand: $85,000 (CCP 998) at commencement of litigation, increased to $175,000 at close of case. Offer: $29,999.99, which was rejected (defendant had limited his consent to California Medical Board's reportable limits).

### COMMENTS
According to Defendant: The jury was asked to return a verdict in excess of $400,000.

Trials Digest, A Thomson/West business
Los Angeles County Superior Court/Van Nuys

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

12 Trials Digest 3d 45 (Cal.Superior), 1998 WL 866008

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.