**GIRARDI | KEESE**
THOMAS V. GIRARDI – BAR NO. 36603
AMY FISCH SOLOMON – BAR NO. 140333
AMANDA KENT- BAR NO. 258298
1126 Wilshire Boulevard
Los Angeles, California 90017
(213) 977-0211
Attorneys For Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT

| | |
|---|---|
| DIANE MC IRVIN, an individual, and ALICE GALE WILSON an individual<br><br>Plaintiffs,<br><br>vs.<br><br>GYNECARE, INC. a California Corporation; ETHICON, INC. a New Jersey corporation, JOHNSON & JOHNSON, a New Jersey corporation, DOE MANUFACTURERS one through one hundred.<br><br>Defendants. | CASE NO. CV 11-00697 PJH<br><br>**PLAINTIFFS' NOTICE OF OPPOSITION AND OPPOSITION TO DEFENDANTS' MOTION TO SEVER PLAINTIFFS AND TRANSFER CLAIMS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  April 6, 2011<br>Time:  9:00 a.m.<br>Place:  Courtroom 3<br>Judge:  Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

MEMORADUM OF POINTS AND AUTHORITIES....1

I. INTRODUCTION AND SUMMARY....1

II. STATEMENT OF FACTS....2

III. LEGAL ARGUMENT....3

A. This Action Should Remain Joined Because It Meets the Required Elements of *Federal Rules of Procedure* Rule 20....3

1. Plaintiffs' Claims Arise From the Same Transaction or Series of Transactions....4

2. Questions of Law and Fact Common to All Plaintiffs Arise in This Action....5

3. In This Action, Permissive Joinder Comports with the Principles of Fundamental Fairness....6

B. This Action Should Not Be Transferred Because Venue is Proper In the Northern District of California Pursuant to Both 28 U.S.C. §§ 1406(a) and 1404(a)....7

1. Northern District of California is a Proper Venue Pursuant to 28 U.S.C. §1406(a) Because Defendants Are Subject to Personal Jurisdiction There....7

2. Transferring this Action to Multiple Jurisdictions Will Not Serve to Further Fairness as Contemplated by 28 U.S.C. §1404(a)....8

3. Should This Court Find that the Northern District of California is an Improper Venue, Plaintiffs Respectfully Request a Transfer to the Southern District of California....10

IV. CONCLUSION....11

**TABLE OF AUTHORITIES**

**Supreme Court of United States Cases**

Moore v. N.Y. Cotton Exch., 270 U.S. 593, 610 (1926)..................................................................4

United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 (1966).........................................3


**California District Court Cases**

Fabus Corp v. Asiana Express Corp., 2001 U.S. Dist. LEXIS 2568, 2001 WL 253185
at *1 (N.D. Cal. 2001).....................................................................................................................9

The Carolina Casualty Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048
(N.D. Cal. 2001).............................................................................................................................9

United States ex re. Anthony v. Burke Eng'g Co., 356 F. Supp. 2e 119, 1122
(C.D. Cal. 2005).............................................................................................................................4


**Ninth Circuit Cases**

Decker Coal Co v Commonwealth Edison Co, 805 F.2d 834, 843 (9th Cir 1986)..........................9

Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000)..............................................3

Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).........................................................4, 7

Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985).....................................................8

League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917
(9th Cir. 1977.................................................................................................................................3

Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. Ariz. 1987)..................................4

Schulman v. California, 237 F.3d 967, 979 (9th Cir. 2011).........................................................4


**Foreign Authority**

Guedry v. Marino, 164 F.R.D. 181, 185 (E.D. La. 1995).............................................................7

Harris v. Steinem, 571 F.2d 119, 123 (2d Cir. 1978)....................................................................4

**Federal Statutes**

28 U.S.C § 1404(a)..................................................................................................8

28 U.S.C. §1406(a).................................................................................................7


**Federal Rules**

Federal Rules of Procedure Rule 20(a).............................................................3, 5, 6


**California Rules**

Cal. Code Civ. Proc. § 378(a)(1)............................................................................3

## **NOTICE OF OPPOSITION**

TO DEFENDANTS AND THEIR ATTORNESY OF RECORD:

PLEASE TAKE NOTICE that on April 6, 2011 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Phyllis J. Hamilton, in Courtroom 3, 3rd Floor, Federal Building, 1301 Clay Street, Oakland, California, Plaintiffs will and hereby do oppose Defendants' motion to sever the plaintiffs and transfer the claims to different districts throughout the United States. The grounds are as set forth in the Memorandum of Points and Authorities below.

Plaintiffs' opposition is based upon this Notice of Opposition and Opposition, the Memorandum of Points and Authorities included herewith, all matters with respect to which the Court may take judicial notice, all papers and pleadings on file or deemed to be on file herein, and such other documents, arguments and evidentiary matters as may be presented at the hearings.

GIRARDI | KEESE

By: _____
THOMAS V. GIRARDI
AMY FISCH SOLOMON
AMANDA KENT

Attorneys for Plaintiff